IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VICTORIA ANN WISNIEWSKI,           )
                                          )
        Plaintiff,                   )
                                          )
   -vs-                               )   Civil Action No.   16-1774
                                          )
NANCY A. BERRYHILL,[1]                )
COMMISSIONER OF SOCIAL SECURITY,  )
                                          )
        Defendant.                )

AMBROSE, Senior District Judge

## **OPINION**

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 14). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11 and 15). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 10) and granting Defendant's Motion for Summary Judgment. (ECF No. 14).

## **I.  BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her application for supplemental security income ("SSI") pursuant to the Social Security Act. Plaintiff filed her applications alleging she had been disabled since September of 2012. (ECF No. 8-6, p. 2). Administrative Law Judge ("ALJ"), David J. Kozma, held a hearing on February 24, 2015. (ECF No. 8-2, pp. 32-49). On April 23, 2015, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 12-26).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 10 and 14). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. <u>Severe Impairment</u>

Plaintiff argues that the ALJ erred in failing to find her pulmonary embolism, headaches and seizures to be severe. (ECF No. 11, pp. 6-9). At step two of the analysis, an ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that is severe. 20 C.F.R. §416.1420(a). An impairment is not severe if it does not significantly limit the physical or mental ability to do basic work activities. 20 C.F.R. §§416.920(c), 416.921(a). If a claimant is found to have a severe impairment, then the ALJ proceeds to the next step. 20 C.F.R. §416.920(a).

In this case, the ALJ found that Plaintiff has the following severe impairment: bipolar disorder; post-traumatic stress disorder; polysubstance abuse; hypertension; degenerative disc disease of the lumbar spine; and gastro-esophageal reflux disease. (ECF No. 8-2, p. 14). So, the ALJ proceeded to the next steps. (ECF No. 8-2, pp. 14-26). Thus, Plaintiff was not denied benefits at step 2. Rather, the ALJ proceeded beyond step 2. In so doing, the ALJ

3

acknowledged that in making the RFC determination he considered all impairments, including any impairment that is not severe. (ECF No. 8-2, p. 17-26). Thus, the ALJ proceeded to consider the Plaintiff's severe and non-severe impairments (specifically, Plaintiff's pulmonary emboli, seizures and migraines) in the evaluation process and in determining Plaintiff's RCF. (ECF No. 8-2, pp. 17-26). Therefore, I find any purported error was harmless such that a remand on this basis is not warranted. *Salles v. Commissioner of Social Sec.,* 229 Fed.Appx. 140, 144-145, n. 2, 2007 WL 1827129 (3d Cir. 2007); *Sheeler v. Astrue*, No. 08-64J, 2009 WL 789892, 4 -5 (W.D.Pa. March 24, 2009); *Hanke v. Astrue, No. 12-2364,* 2012 WL 6644201, *4 (7th Cir. Dec. 21, 2012).[2]

---

[2]To the extent Plaintiff argues that the ALJ erred in giving "scant reference to some of the medical evidence and no reference at all to other portions of the medical evidence," I disagree. (ECF No. 11, pp. 6-9). As Plaintiff acknowledges, there is a voluminous medical record. "There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record." *Fargnoli v. Massanari,* 247 F.3d 34, 42 (3d Cir. 2001); *Hur v. Barnhart*, 94 Fed. Appx. 130, *2 (3d Cir. April 16, 2004); *Phillips v. Barnhart*, 91 Fed. App'x 775, 780 (3d Cir. March 10, 2004) ("A written evaluation of every piece of evidence is not required, as long as the ALJ articulates at some minimum level her analysis of a particular line of evidence. Moreover, the ALJ's mere failure to cite specific evidence does not establish that the ALJ failed to consider it." *citations omitted*). Here, the ALJ specifically addressed Plaintiff's pulmonary embolism, headaches and seizures and summarized the medical evidence related to the same at step two. (ECF No. 8-2, pp. 14-16). After consideration of the same, the ALJ found that "[g]iven the cumulative evidence of record, I find that the claimant's alleged seizure disorder, migraines and pulmonary emboli are either not medically determinable during the relevant timeframe or were not sever for at least 12 consecutive months….Further, even if medically determinable, during the relevant timeframe, these conditions have either been severe for less than 12 consecutive months (SSR 82-52) or result in no more than minimal work-related limitation of function (SSR 96-3p)." (ECF No. 8-2, pp. 15-16). The mere existence of a diagnosis or an abnormal reading does not equate to a severe impairment. *Phillips v. Barnhart,* 91 Fed. Appx. 775, 780 (3d Cir. March 10, 2004). To be clear, the question of severity relies not on the particular condition, but on the limitations stemming from that condition. *Id.* An impairment is not severe if it does not significantly limit the physical or mental ability to do basic work activities and does not last or is not expected to last for a continuous period of at least 12 months. 20 C.F.R. §416.920(c), §416.921(a); 42 U.S.C. §423(d). After a careful review, I find the ALJ appropriately and sufficiently discussed and summarized the evidence.
    Furthermore, I note that "a medical source does not transform the claimant's subjective complaints into objective findings simply by recording them...." *Hatton v. Comm'r,* 131 F. App'x 877, 879 (3d Cir. 2005) (citation omitted). The ALJ found that Plaintiff was not entirely credible. (ECF No. 8-2, p. 19). As a result, the ALJ was free to reject Plaintiff's testimony regarding the same, whether it was at the hearing or recorded in a medical record based on Plaintiff's own reporting.
    After a review of the record, I find the ALJ's finding to be based on substantial evidence. Therefore, I find no error in this regard.

4

### C. Listings

Along the same lines, Plaintiff argues that the ALJ erred in failing to address all of the applicable listings. (ECF No. 11, pp. 10-11). In step three of the analysis set forth above, the ALJ must determine if the claimant's impairment meets or is equal to one of the impairments listed in 20 C.F.R., Pt. 404, Subpt. P, Appx. 1.; *Jesurum v. v. Secretary of Health and Human Services*, 48 F.3d 114, 117 (3d Cir. 1995). An applicant is *per se* disabled if the impairment is equivalent to a listed impairment and, thus, no further analysis is necessary. *Burnett v. Commissioner,* 220 F.3d 112, 119 (3d Cir. 2000).

Here, Plaintiff summarily concludes that the ALJ "only gave scant consideration to Listings 12.04, 12.06 and 12.09." (ECF No. 11, p. 10). At no point does Plaintiff suggest how she meets any of those listings or the alleged particular errors made by the ALJ. *See,* ECF No. 11, pp. 10-11. Consequently, I find Plaintiff's argument to be underdeveloped and wholly inadequate. Therefore, I find no merit to this argument. Nonetheless, I have reviewed the record and, based on the same, I find the ALJ adequately considered and addressed whether Plaintiff met listings 12.04, 12.06 and 12.09. *See,* ECF No. 8-2, pp. 16-17.

Plaintiff also asserts that "since [the ALJ] failed to find migraine headaches, seizure disorder and pulmonary embolism to be severe impairments, he failed to even address the listings for respiratory disorder (3.00 et seq.) and Neurological Disorder (11.00 et seq.)." (ECF No. 11, p. 10). If an impairment is non-severe, the ALJ is not required to consider it when he applies the listings. *Pritchett v. Astrue,* 220 Fed. Appx. 790 (10th Cir. 2007). Since I have found no error on the part of the ALJ in finding Plaintiff's headaches, seizures and pulmonary embolism to be non-severe, it follows that he did not error in failing to consider listings associated therewith. Thus, I find no merit to this argument.

5

**D. Residual Functional Capacity (RFC)[3]**

Plaintiff argues that the ALJ erred in determining her RFC. (ECF No. 11, pp. 11-13). To that end, Plaintiff first suggests, without more, that the RFC does not "sufficiently address the restrictions imposed by her mental illness." (ECF No. 11, p. 12). After a review of the record, I disagree. The ALJ discussed at length the evidence of record, appropriately weighing the same. (ECF No. 8-2, pp. 17-24). I find the ALJ's RFC adequately addresses Plaintiff's mental limitations and is supported by substantial evidence. *Id.*

Plaintiff further suggests that the ALJ was required to incorporate her symptoms from her seizure disorder, pulmonary embolism and headaches into her RFC. *Id.* "[S]uch a presumption would conflict with the regulatory scheme for determining whether a claimant is disabled, under which the determination of whether a claimant is severely impaired precedes a separate determination of whether the claimant, despite his severe impairment, retains the [residual functional capacity] to perform substantial gainful activity." *Jones v. Sullivan*, 954 F.2d 125, 129 (3d Cir. 1991). Thus, just because an impairment is found to be severe, or in this case non-severe, does not mean necessarily that it erodes a plaintiff's RFC. *Franklin v. Astrue*, No. 10-CV-02532-PAB, Civ No. 10-cv-2532, 2012 WL 1059995, at *3 (D. Colo. Mar. 28, 2012) ("Simply because plaintiff established a 'severe impairment' which only 'requires a de minimis showing of impairment,' does not necessarily require that the ALJ conclude that the impairment materially erodes plaintiff's RFC.").

Here, the ALJ discussed and thoroughly considered all of Plaintiff's severe and

---

[3] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a). In this case, the ALJ found Plaintiff had the RFC to perform light work, except "she must be permitted to alternate sitting and standing every 30 minutes. Additionally, the claimant can perform only low stress, unskilled work not performed around the public, involving only occasional supervision and minimal interaction with coworkers. Finally, she can perform only routine, repetitive tasks involving little judgment making." (ECF No. 8-2, p. 17).

non-severe impairments in the discussion of the RFC.  (ECF No. 8-2, pp. 17-24).   Thus, I find the ALJ properly reviewed the same.  Further, I find that the RFC is based on substantial evidence.  *Id.*  Therefore, remand on this basis is not warranted.

Additionally, Plaintiff submits that the ALJ erred in giving little weight to her GAF scores in formulating her RFC.  (ECF No. 11, pp. 12-13).  GAF is an acronym which refers to an individual's score on the Global Assessment of Functioning Scale. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed. Text Revision 2000). The scale is used to report a "clinician's judgment of the individual's overall level of functioning" in light of his psychological, social, and occupational limitations. *Id.* The GAF ratings range from 1 to 100. GAF scores are arrived at by a clinician based on his or her assessment of a patient's self-reporting.   American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed. Text Revision 2000).   GAF scores do not have a direct correlation to the disability requirements and standards of the Act.   *See*, 65 Fed. Reg. 50746, at 50764-65 (2000). In fact, as of May 18, 2013, the American Psychiatric Association no longer endorses the GAF scale as a measurement tool.   *See,* Diagnostic and Statistical Manual of Mental Disorders (DMS-V) (5th ed. 2013)*.*  Nonetheless, GAF scores are still medical evidence that informs a Commissioner's judgment in assessing whether an individual is disabled and must be considered as such.

After a review of the evidence, I find that the ALJ appropriately considered the multiple GAF scores in evidence and weighed them against the other evidence of record.   (ECF No. 8-2, pp. 17-24).   The ALJ gave valid and appropriate reasons for weighing evidence, including the GAF scores.  *Id.*  Consequently, I find no error in this regard.

7

### E. <u>Vocational Expert</u>

Plaintiff also argues that the ALJ erred in failing to pose accurate questions to the vocational expert regarding Plaintiff's impairments. (ECF No. 11, pp. 13-14). I disagree. An ALJ is required to accept only that testimony from the vocational expert which accurately reflects a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Based on my review of the record, there is substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's impairments. (ECF No. 8-2, pp. 12-26). Therefore, I find no error in this regard.

Consequently, remand is not warranted. An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VICTORIA ANN WISNIEWSKI,   )
                            )
         Plaintiff,         )
                            )
    -vs-                    )    Civil Action No.   16-1774
                            )
NANCY A. BERRYHILL,[4]      )
COMMISSIONER OF SOCIAL SECURITY,  )
                            )
         Defendant.         )

AMBROSE, Senior District Judge

**ORDER OF COURT**

THEREFORE, this 9th day of January, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 10) is denied and Defendant's Motion for Summary Judgment (Docket No. 14) is granted.

                    BY THE COURT:

                    s/   Donetta W. Ambrose
                    Donetta W. Ambrose
                    United States Senior District Judge

---

[4] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.